```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

JULIO B. LEIVA,
          Plaintiff,

     v.                                  CIVIL ACTION NO.
                                         20-11433-PBS
DEPARTMENT OF CORRECTION,
STEPHEN SILVA,
STEVEN KENNEWAY, and
DOUGLAS W. DEMOURA,
          Defendants.
```

**MEMORANDUM AND ORDER STAYING CASE**

AUGUST 9, 2021

Saris, D.J.

Defendants Department of Corrections, Stephen Silva, Steven Kenneway, and Douglas W. Demoura (Silva, Kenneway and Demura are collectively "the Individual Defendants") have filed motions to dismiss plaintiff Julio B. Leiva's complaint, Compl., ECF No. 1, for failure to state a claim, or in the alternative to decline jurisdiction under principles of Colorado River abstention doctrine. See generally Defs.' Mots. Dismiss, ECF Nos. 25, 26, and 27.[1]  Leiva opposed the motion.  Pl.'s Mot. Opp. Defs.' Mot. Dismiss, ECF No. 31 ("Opp.").  Subsequently, Leiva filed a document entitled "Affidavit of Julio B. Leiva to Update the Court on the Case" (ECF No. 34) and the Individual Defendants

---

[1] The Department of Corrections was dismissed as a party on August 4, 2020.  See Order, ECF No. 4. Therefore, DOC's motion to dismiss is DENIED as MOOT.

1

have moved to strike this submission (Mot. Strike, ECF No. 33), which is DENIED.  For the reasons stated below, the motions to dismiss are ALLOWED in part and DENIED in part as follows: the action is STAYED under principles of abstention under Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800 (1976) and as a matter of judicial discretion in light of the pending state litigation.  The motions are otherwise DENIED without prejudice.

## I. Background

On September 9, 2019, Leiva filed a nearly identical action to the instant action in Suffolk County Superior Court styled Leiva v. Dept. of Corrections et al., Civ. No. 1984CV2995 ("the State Action").  On July 20, 2020, ten months after filing the State Action, Leiva filed this action, appending his verified complaint in the State Action to a civil action form. See generally Compl.  The instant action is based upon alleged violations of the Administrative Procedure Act, 5 U.S.C. §500 et seq.,[2] and 42 U.S.C. §1983 ("Section 1983") for various purported

---

[2] Although the Individual Defendants do not move to dismiss on this ground, the Court discerns no cognizable claims raised under the APA. See Town of Portsmouth, R.I. v. Lewis, 813 F.3d 54, 64 (1st Cir. 2016) ("[T]he APA only provides for review of federal agency action . . . It does not provide a right of action against a state agency.").

constitutional violations. Leiva seeks compensatory, declaratory and equitable relief. Id. Leiva claims violations of his First, Fourth and Fourteenth Amendment rights relating to the seizure and destruction of his mail under a DOC policy. Compl. ¶ 31. Specifically, Leiva claims the seizing, storing, shredding of his incoming mail and photographs under the DOC's mail photocopying procedure violates the due process clause of the Fourteenth Amendment. Compl. ¶ 35. As a remedy, Leiva seeks $100,000 in damages from each defendant, declaratory and injunctive relief.

On September 1, 2020, Leiva attempted to "remove" the State Action to this Court. In response, the Superior Court endorsed the notice: "The plaintiff has not cited any authority for an automatic right of removal to federal court. No action taken/required." See State Action, Order, ECF No. 25 66.

On August 4, 2020, this Court screened the action pursuant to 28 U.S.C. § 1915(e) dismissing the action as to the Department of Correction, and official capacity monetary damages claims against the remaining defendants. Order, ECF No. 4. A review of the State Action docket reveals that Leiva has filed a motion for summary judgment. A cross-motion to dismiss is currently pending. Both are under advisement in the State Action.

**II.  Discussion**

The Court stays this action under Colorado River abstention doctrine.  "It has long been established that the presence of parallel litigation in state court will not in and of itself merit abstention in federal court." Jiménez v. Rodríguez-Pagán, 597 F.3d 18, 27 (1st Cir. 2010).  As the First Circuit explains, "there is nothing unusual about parallel litigation resolving similar controversies in both state and federal court" even though "twin litigation may result in some measure of inefficiency and wasted resources, and there is some risk of inconsistent decisions from different courts on the same or similar issues." Nazario-Lugo v. Caribevision Holdings, Inc., 670 F.3d 109, 114 (1st Cir. 2012).  This comports with the bedrock principal that "federal courts must abide by their virtually unflagging obligation to exercise their lawful jurisdiction and resolve the matters properly before them."  Id. at 114 (citation and quotation omitted).  "This duty, however, is not absolute, and departure from it is permitted 'in otherwise exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest.'"  Id. at 114-15 (quoting Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996)).

The Colorado River abstention doctrine "allows federal courts in limited instances to stay or dismiss proceedings that overlap with concurrent litigation in state court." Jiménez, 597 F.3d at 21 (citing Colorado River, 424 U.S. at 800). "The crevice in federal jurisdiction that Colorado River carved is a narrow one" and "[o]f all the abstention doctrines, it is to be approached with the most caution, with only the clearest of justifications warranting dismissal." Id. at 27 (citations and quotations omitted).

Of course, "[t]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Meml. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983). The relevant factors that the federal court may consider in determining whether to abstain, include: "(1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious

or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction." Jiménez, 597 F.3d at 27-28 (citation omitted). "The crux of the Colorado River doctrine is the presence of 'exceptional' circumstances displaying 'the clearest of justifications' for federal deference to the local forum in the interest of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Nazario-Lugo, 670 F.3d at 115 (quoting Colorado River, 424 U.S. at 817-19).

The balance of the factors here favors abstention and stay of the action. First, there arguably is no "res" in this action. Second, there is no geographical inconvenience of the federal forum. Third, there is significant concern of piecemeal litigation created by the virtually identical complaint being actively litigated in the State Action concerning issues of state law and policy in which the Commonwealth Courts are apparently engaged. Fourth, the order in which the forums obtained jurisdiction favors abstention where the State Action was brought first and that action is arguably further along where Leiva has moved for summary judgment in that case (although it is not clear that any discovery has been undertaken). Fifth, issues of state and federal law are in

6

play.  Sixth, the Court sees no significant difference between the adequacy of the state forum to protect the parties' interests.  Seventh, there is evidence of that Leiva was dissatisfied with the State court's rulings on his motions seeking a default judgment, joining another case, and removing his case to this Court.  See Aff. of Julio Leiva Opp. Defs.' Mot. Dismiss and Update, ¶¶ 8-15, ECF 31-1 5, 6; Id.  See Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 15 (1st Cir. 1990) ("[I]f [a plaintiff] went to federal court solely in reaction to its failure in the [state] court, that fact should be held against it in the Colorado River balance.").

Finally, as for removability "[t]his factor is relevant if a plaintiff attempted to evade the policy choice implicit in 28 U.S.C. § 1441 that only a defendant may remove a lawsuit from state court to Federal Court.  It applies where a dual filing in state and federal forums has the same effect as if the plaintiff had actually removed the original suit." Valle-Arce v. Puerto Rico Ports Auth., 585 F.Supp.2d 246, 254 (D.P.R. 2008) (citing Villa Marina Yacht Sales, 915 F.2d at 14.).  Here, that is exactly what occurred: Leiva attempted to "remove" the State Action to federal court, and when unsuccessful filed this action here.

7

In this Court's view balancing of the factors justifies abstention.  Accordingly, this action is STAYED and administratively closed.  The remaining grounds of the motions to dismiss are DENIED without prejudice subject to renewal if the stay is lifted.[3]

### III. Conclusion

For the reasons stated above, the DOC's motion to dismiss (ECF No. 27) is DENIED as MOOT.  The Individual Defendants' motions to dismiss (ECF Nos. 25 and 26) are ALLOWED in part only to the extent that the action is STAYED under Colorado River abstention principles, or in the alternative under the prior pending action doctrine.  The Individual Defendants' motions to dismiss are otherwise DENIED without prejudice with respect to

---

[3] Although not argued by the parties, the Court in the alternative, stays this action under the prior pending action doctrine. See e.g., Ann Wigmore Found., Inc. v. Sterling Found., Inc., CIV NO. 20-CV-11150-IT, 2021 WL 1890297, at *12 (D. Mass. May 11, 2021); Bourne as Tr. of Lot 31 Realty Tr. v. Gardner, CV 20-10898-NMG, 2020 WL 10316597, at *6 (D. Mass. Dec. 29, 2020); Bradeen v. Bank of New York Mellon Tr. Co., Natl. Assn., 18-CV-11753, 2018 WL 5792319, at *3 (D. Mass. Nov. 2, 2018).

all other relief requested.  The case is administratively closed.


**SO ORDERED.**

                                               /s/ Patti B. Saris
                                               Patti B. Saris
                                               United States District Judge